Benjamin L. Felcher Leavitt (BL 7363)
Leavitt Legal PLLC
19 Court Plaza, Suite 201
White Plains, NY 10601
(914) 946-3800
Fax: (914) 949-0379

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VANESSA COWAN,                                      :
       Plaintiff                                 :    Index No.  14-cv-8871 (KMK)
                                                             :
   -against-                                         :
                                                             :    **FIRST AMENDED COMPLAINT**
THE CITY OF MT. VERNON, CITY             :    **AND JURY DEMAND**
OF MT. VERNON POLICE DEPARTMENT,  :
MARTIN BAILEY, NICHELLE JOHNSON,  :
                                                             :
                                                             :
       Defendants.                              :
-----------------------------------------------------------X

      Plaintiff, by and through counsel, hereby brings this action pursuant to 42 U.S.C. §2000 et seq. and New York State Law and as alleges as follows:

## I. NATURE OF THE ACTION

1.    Plaintiff brings this federal civil rights action to obtain redress for sexual discrimination, conspiracy to discriminate and deprivation of procedural due process.

2.    At all relevant times, Plaintiff was in the Police academy for the City of Mt. Vernon and/or employed by the City of Mt. Vernon Police Department as a probationary employee. During the course of her employment, Plaintiff was subjected to sexual harassment and a hostile work environment.  Plaintiff was wrongfully terminated as a result of this harassment.

3.    In fact, the sexual harassment was also part of an overt conspiracy to retaliate against plaintiff for reporting sexual harassment against the City of Mt. Vernon on a prior occasion.

4.    Plaintiff was specifically targeted and singled out for harsh treatment because she previously reported sexual harassment against the Mt. Vernon Youth Bureau, another department of the Mt. Vernon City government.

5.      From the time Plaintiff began work as a police officer, she was the subject of unwanted and unwarranted harassment by Defendant Martin Bailey. Bailey informed Plaintiff that there were "friends over at the law department" who wanted her to be fired and that he was acting on those persons' behalf. At all relevant times, Ms. Nichelle Johnson was employed as the City Attorney at the Mt. Vernon Law Department. It was at all times clear that this "friend" was Nichelle Johnson.

6.      Mr. Bailey engaged in sexual harassment of Plaintiff at the direction of and in concert with Johnson and with the intent to force Plaintiff to quit her employment with the Mt. Vernon Police Department.

7.      As detailed below, despite filling out many sexual harassment complaints as provided for by the Mt. Vernon Police Department, Bailey's continued and was used to successfully impugn Plaintiff's reputation within the Mount Vernon Police Department and result in her dismissal.

8.      The Mount Vernon Police Department and the City of Mt. Vernon knowingly and wrongfully used Plaintiff's reporting of sexual harassment as a basis to terminate her.

9.      The fact of the Police Department's wrongful treatment of Plaintiff is evident in the manner in which it when about terminating her.

10.     Prior to being formally terminated, the Mount Vernon Police Department placed her on paid administrative leave, despite the fact no such status exists in the police department regulations nor in any applicable civil service law. This action was taken without notice and/or a hearing being afforded to Plaintiff.

11.     Plaintiff was a probationary employee. As such, Plaintiff would have been entitled to have a hearing and could only be terminated for cause if such termination occurred within her probationary period. In order to avoid providing these procedural rights to Plaintiff, the Police Department created a status from whole cloth.

12. Moreover, even though under New York State Civil Service Law, upon the expiration of her probationary period Plaintiff could legally be terminated without cause and without a hearing, Mount Vernon Civil Service Law and/or the police department regulations provide that any such terminated employee has the right to have a meeting with the Commissioner concerning such termination.

13. Despite submitting a request for such a meeting in writing, the Police Department and the City of Mt. Vernon never provided Plaintiff with such a meeting in blatant disregard of the obligations set forth in the Mt. Vernon Civil Rights law. This unlawful treatment of Plaintiff is a further indication of the City of Mt. Vernon and the Police Department's unlawful treatment of Plaintiff.

14. After her termination, Plaintiff suffered significant emotional trauma.

15. All of the above acts constituted sexual harassment, retaliation and violation of Plaintiff's procedural due process rights as well as conspiracy for the same.

## II. JURISDICTION AND VENUE

16. This Court has jurisdiction over this action under 28, U.S.C. §1331 and 1343(a)(3) and (4). This case arises under 42 U.S.C. §§1983, 1985 and 2000 et seq.

17. Venue properly lies in this District under 28 U.S.C. (b)(1) and (2).

## III. PARTIES

### A. Plaintiff

18. Plaintiff is an individual who resides in Mt. Vernon, New York in Westchester County. At all relevant times, Plaintiff was a probationary employee of the Mt. Vernon Police Department in the City of Mt. Vernon.

### B. Defendants

19.     Defendant CITY OF MT. VERNON is a municipality in Westchester County ("Mt. Vernon") and at all relevant times employed Defendants Bailey and Johnson.

20.     Defendant CITY OF MT. VERNON POLICE DEPARTMENT is a subdivision of the City of Mt. Vernon (the "Police Department" or "Mt. Vernon Police Department").

21.     Defendant MARTIN BAILEY is an individual who was at all relevant times herein, an employee of the Mt. Vernon Police Department ("Bailey").

22.     Defendant NICHELLE JOHNSON is an individual who was at all relevant times herein, employed in the Mt. Vernon Law Department ("Johnson").

## STATEMENT OF FACTS

23.     This claim arises out of the intentional and negligent acts of the defendants, to wit, the sexual harassment of Defendant Bailey, itself the product of an unlawful conspiracy as well as a conspiracy to wrongfully terminate Plaintiff from her position from the Mount Vernon Police Department because she had previously reported sexual harassment against the City of Mt. Vernon specifically because she sought to enforce her rights via the Courts of these United States.

24.     Plaintiffs, individually and collectively, engaged in the wrongful termination of Plaintiff, a conspiracy to deprive Plaintiff of her First amendment Rights, intentional infliction of emotional distress, retaliation and creating a hostile work place.

25.     Within 90 days of the last incident of offending conduct and Plaintiff's dismissal, Plaintiff served a Notice of Claim upon the City of Mt. Vernon.

26.     Within 180 days of the offending conduct, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

27.     On August 9, 2014, the EEOC sent Plaintiff a Notice of Right to Sue letter.

28.     On or around January 6, 2013, Plaintiff was sworn into the Mt. Vernon Police Department.

29.     In or around January 8, 2013, Plaintiff began her training at the Police Academy. After graduating the Police Academy, Plaintiff served as a Police Officer on the Mt. Vernon Police Department. Her time at the Police Department was as a probationary employee, the status of all officers when they first graduate the police academy and join the police force.

30.     At the time she applied to the Police Department, Plaintiff had filed a Notice of Claim with the City of Mt. Vernon concerning sexual harassment she had endured as an employee of the Mount Vernon Youth Bureau but no complaint had been filed in any Court naming the City of Mt. Vernon as a defendant.

31.     From very early in her employment as a police officer, Bailey engaged in sexual harassment of Plaintiff. His conduct included making comments about Plaintiff's body, making requests for sex and even going so far as demanding money from Plaintiff if she was unwilling to sleep with him.

32.     Plaintiff filed several harassment complaints about Bailey with the Police Department.

33.     Bailey also informed Plaintiff that he had been instructed by "friends" in the Law Department for the City of Mt. Vernon to make sure that Plaintiff was fired from the Police Department. Bailey made clear to Plaintiff that his "friend" was Nichelle Johnson who was at the time, corporation counsel for the City of Mt. Vernon.

34.     Bailey threatened on numerous occasions that he would spread rumors about Plaintiff concerning "that stuff that happened across the street." These comments were direct references to the Notice of Claim and lawsuit that Plaintiff had filed concerning sexual harassment.

35.     Bailey also informed Plaintiff that he was going to make sure that superior officers in the Police Department viewed her as a "problem" employee. The fact that he made good on these

5

threats was confirmed by some other officers who told Plaintiff specifically that "everyone in the department thinks you're a problem."

36. Plaintiff also heard Bailey speaking with a detective from whom he was seeking advice about how to report Plaintiff to superior officers because "she was dangerous," "needed to be stopped" and that he needed "help to get rid of her."

37. Bailey also stated to Plaintiff, in front of other officers "Bitch, your days are numbered."

38. As Bailey's harassment continued, Plaintiff followed all Police Department protocol concerning reporting Bailey's harassment.

39. After filling out numerous written complaints concerning Bailey, Plaintiff was transferred to another unit in the Police Department. She was essentially ostracized into a sub-station of the Police Department and cut off from other officers.

40. After this transfer, Bailey's harassment declined, but Plaintiff had essentially been segregated from the rest of the Police Department.

41. This segregation was not only in response to Plaintiff's complaints about sexual harassment but was also in response to the lawsuit she had pending against the City of Mt. Vernon and was explicitly designed to have a negative impact of her job performance as Plaintiff was told by more than one person employed in the administration of the Police Department that "she could not sue the City and remain a Police Officer."

42. Despite these efforts, Plaintiff never received any negative comments, reviews or reports concerning her job performance.

43. In or around early June 2014, Plaintiff received notice from the Police Department that she was being placed on "paid administrative leave." Upon information and belief, no such status is provided for under the Police Department Rules and Regulations nor under the State of City Civil Service Codes.

44. At that time, Plaintiff had been effectively terminated without a hearing and without all of the processes due her under any and all applicable law.

45. Eventually, Plaintiff received notice that she was not going to be retained after her probationary period.  Under applicable Mt. Vernon City Law, the City Charter and applicable state and federal law, Plaintiff was entitled to have a formal meeting with the Commissioner of the Mt. Vernon Police Department concerning this employment decision.

46. Despite timely requesting such a meeting, the Police Department never responded.

47. By terminating Plaintiff during the probationary period of her employment, Defendants violated her right to due process of law.

## CLAIMS FOR RELIEF

### Count I: Violation of Plaintiff's Right to Equal Protection

48. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

49. Plaintiff has a claim under 42 U.S.C. §1983 for violations of her rights under the Fourteenth Amendment to Equal Protection under the law.

50. All of the named defendants violated Plaintiff's right to equal protection by subjecting her to a hostile work environment and sexual harassment.

51. As a direct and proximate result, Plaintiff is entitled to compensatory and punitive damages and reasonable counsel fees.

### Count II: Defendants' Conspiracy to Deprive Plaintiff of Equal Protection

52. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

53. All Defendants conspired to deprive Plaintiff of her civil rights by engaging in a course of conduct together that facilitated Bailey's sexual harassment of Plaintiff.

54. The defendants' conduct was willful, malicious and evinced a flagrant disregard for Plaintiff's constitutional rights.

55. Plaintiff was injured and suffered emotional harm as a result of the violations of her civil rights.

## Count III: Sexual Harassment against the City of Mt. Vernon and The Mt. Vernon Police Department

56. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

57. Plaintiff was subjected to unwanted, unwelcome offensive and harassing sexually discriminating conduct during her employment with the City of Mt. Vernon Police Department which was perpetrated by Bailey. Bailey's conduct was based wholly upon Plaintiff's gender.

58. Plaintiff placed the City of Mt. Vernon on notice of Bailey's conduct and the City of Mt. Vernon failed to take proper and appropriate corrective action.

59. The sexual harassment was severe and so pervasive as to unreasonably interfere with Plaintiff's work performance and to create a hostile work environment.

60. As a direct and proximate result of the Defendants' conduct, Plaintiff was injured and is justly due compensatory and punitive damages.

## Count IV: Retaliation Against the City Of Mt. Vernon and the Mt. Vernon Police Department

61. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

62. Bailey undertook a concerted course of conduct intended to insure that Plaintiff would be terminated from her position as a police officer. Bailey undertook this course of action as direct retaliation for both (i) Plaintiff having reported him for sexual harassment and (ii) Plaintiff having filed a lawsuit against the City of Mt. Vernon and the Mt. Vernon Youth Bureau for sexual harassment.

63.    Bailey was successful in creating a hostile work environment and impugning Plaintiff's reputation in the Police Department, resulting in Plaintiff's termination from the Police Department.

64.    Defendants' conduct in terminating Plaintiff was willful, contumacious and abhorrent to the sensibilities of a reasonable person.

65.    Accordingly, as a result of Defendants' retaliation, Plaintiff is entitled to compensatory and punitive damages.

### Count V: Conspiracy to Retaliate Against Plaintiff

66.    Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

67.    Defendants Bailey and Johnson entered into an agreement to retaliate against Plaintiff for filing a lawsuit against the City of Mt. Vernon for sexual harassment.

68.    Both Defendants undertook concerted action in order to accomplish the ends of their conspiracy.

69.    In her position in the Law Department, Johnson was able to provide information to Bailey concerning the pending lawsuit against the City of Mt. Vernon and Bailey used that information to intimidate and harass Plaintiff as well as to impugn her reputation in the Police Department with the sole purpose to have her terminated.

70.    The defendants' conduct was willful, malicious and evinced a flagrant disregard for Plaintiff's constitutional rights.

71.    Accordingly, as a result of Defendants' conspiracy, Plaintiff is entitled to compensatory and punitive damages.

### Count VI: Deprivation of Procedural Due Process

72.    Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

73. At all relevant times, the City of Mt. Vernon and the Mt. Vernon Police Department had an affirmative duty to abide by New York State Civil Service law as well as its own City Code.

74. As a probationary employee, Plaintiff possessed due process rights concerning her employment, specifically, Plaintiff had the right to administrative process and a right to be heard prior to being terminated. In addition, Plaintiff had a right to a formal meeting with the Place commissioner concerning any termination of her probationary employment.

75. By creating an employment category ("paid administrative leave") specifically for Plaintiff, Defendants the Mt. Vernon Police Department and the City of Mt. Vernon, effectively terminated her without the due process as required under State, federal and City Law.

76. As a direct result, Plaintiff was damaged by the loss of her employment.

## Count VII: Intentional Infliction of Emotional Distress Against All Defendants

77. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

78. Throughout Plaintiff's employment with the Police Department, Defendants Bailey and Johnson, at all relevant times employees of the City of Mt. Vernon and/or the Mt. Vernon Police Department, engaged in a conscious course of conduct intended to intimidate Plaintiff and to make her feel that she was isolated, would lose her job and could not escape sexual harassment.

79. Defendants' conduct was extreme, outrageous, offensive to the reasonable person and beyond the bound of all civil decency.

80. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages in the form of severe emotional distress and is further entitled to punitive damages.

**WHEREFORE,** plaintiff asks for the following relief:

## CLAIM I

A. Compensatory Damages in the amount of $500,000;

    B. Punitive Damages in the amount of $500,000;

    C. Attorney's fees; and

    D. Such other further relief as may be just and fair.

### **CLAIM II**

    A. Compensatory Damages in the amount of $500,000;

    B. Punitive Damages in the amount of $500,000;

    C. Attorney's fees; and

    D. Such other further relief as may be just and fair.

### **CLAIM III**

    A. Compensatory Damages in the amount of $500,000;

    B. Punitive Damages in the amount of $500,000;

    C. Attorney's fees; and

    D. Such other further relief as may be just and fair.

### **CLAIM IV**

    A. Compensatory Damages in the amount of $500,000;

    B. Punitive Damages in the amount of $500,000;

    C. Attorney's fees; and

    D. Such other further relief as may be just and fair.

### **CLAIM V**

    A. Compensatory Damages in the amount of $500,000;

    B. Attorney's fees; and

    C. Such other further relief as may be just and fair.

### **CLAIM VI**

    A. Compensatory Damages in the amount of $500,000;

B. Attorney's fees; and

C. Such other further relief as may be just and fair.

**CLAIM VII**

A. Compensatory Damages in the amount of $500,000;

B. Punitive Damages in the amount of $500,000

C. Attorney's fees; and

D. Such other further relief as may be just and fair.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: March 27, 2015

                                                  _____/s/_____
Benjamin L. Felcher Leavitt (BL7363)
Attorney for Defendant
19 Court Plaza Suite 201
White Plains, NY 10601
(914) 946-3800
Fax: (914) 949-0379
Email: benleavitt@leavittlegal.com